O’Neall, J.
The defendant, the sheriff of Newberry district, was the agent of the plaintiff in foreclosing a mortgage of a mare, executed to him by John Brooks; he was, subsequent to his seizure of the mare under this mortgage, constituted the bailiff of John Caldwell, to distrain the same chattel for rent arrear. He executed these different authorities by a sale of the chattel, and paid the proceeds of the sale to the landlord Mr. Caldwell. lhe plaintm brought his action be-ibre a justice of the peace, for the amount due him on this mortgage, and contended that this was an improper preference, and that he was entitled to the proceeds. In the course of the trial before the justice, the tenant Brooks was sworn as a witness against the claim of his landlord, who objected to his competency. The magistrate, on the facts in evidence before him, which are fully detailed in his report, gave judgement for mortgagee; the judge below affirmed his decision, and the landlord has appealed to this Court, claiming that both decisions should be reversed, on several grounds, which, however> present only two distinct questions, viz : 1st. As to the competency of the witness Brooks ; and 2dly, As to the landlord’s right to be paid his rent, either under the distress warrant, or under the Statute 8 Anne c. 14.
J. Caldwell, for the appellant.
Summer, contra.
1. The tenant Brooks was, it seems to me, a competent witness : there was nothing in the relation of landlord and tenant to prevent him from testifying between the landlord and a third person, as to the contract whereby rent was re. served to be paid; for the judgement here could not be evidence for or against him in any future action. If the landlord’s right to recover in this case was defeated, he still might recover his rent against the witness. It is true it might, as to a third person, defeat the landlord’s right of distress ; but this could not benefit the witness. He is to gain or lose nothing in the event of this suit; he is, in some sense, indifferent between the parties. He owes them both ; and the discharge of one debt by the sale of the mare, will leave the other unpaid, and to be paid by him.
2. The landlord’s remedy by distress for rent, supposes it to be in arrear; that is, due and unpaid. He cannot issue his warrant until the time of payment has elapsed. From the proof in this case, the justice was very well warranted in concluding that the rent was not clue until the end of the year; and that, therefore, the landlord’s warrant of distress was prematurely issued. Stat. of 2 W. & M. ch. P. L. 5. 85.— The Stat. 8 Anne c. 14, provides “For the more easy and effectual recovery of rents reserved on leases for life or lives, term of years, at will or otherwise ; Be it enacted, that from and after the first day of May, which shall be in the year of our Lord 1710, no goods or chattels whatsoever, lying or being in or upon any messuage, lands, or tenements, which are or shall be leased for life or lives, term of years, at will or otherwise, shall be liable to be taken by virtue of any execution on any pretence whatsoever, unless the party, at whose suit the said execution is sued out, shall, before the removal of such goods from off the said premises by virtue of such execution or extent, pay to the landlord of the said premises or his bailiff, all such sum or sums of money as are or shall he due for rent for the said premises, at the time of the taking such goods or chattels by virtue of such execution; provided” &c. Without saying whether the seizure of the chattel under a mortgage would be within this act, it is sufficient for the purposes of this case to say, that the rent was not due at the time of the taking of the mare under the mortgage ; ancMience that the landlord cannot claim any thing in this behalf.
The motion to reverse the decision of.the judge below is dismissed.
Johnson and Harper, Js. concurred.